IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| RAY ANTHONY SHORTER,<br><br>Plaintiff,<br><br>vs.<br><br>NANCY BERRYHILL, Commissioner of Social Security Administration,<br><br>Defendant. | CV-16-15-GF-BMM-JTJ<br><br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |

     Plaintiff Ray Shorter ("Shorter") initiated this action under 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Acting Commissioner of Social Security ("Commissioner"), who denied Shorter's application for disability benefits and supplemental security income under Titles III and XVI of the Social Security Act. 42 U.S.C. §§ 401-433, 1381-1383(f).

## JURISDICTION

     The Court has jurisdiction under 42 U.S.C. § 405(g). Venue is proper because Shorter resided in Blaine County, Montana when he commenced this action. 28 U.S.C. § 1391(e)(1); L.R. 1.2(c)(3).

1

## BACKGROUND

Shorter alleges disability since between March 29, 2008, and June 25, 2009, due to diabetes and depression. (Doc. 8-5 at 13.) The administrative law judge ("ALJ") determined that Shorter did not qualify for benefits under the Social Security Act in October, 2015. (Tr. 18-44.) The ALJ had determined that Shorter did not qualify for benefits three previous times, but each time the Appeals Council remanded the case back to the ALJ to reconsider certain aspects of the administrative record. (Doc. 16 at 5-6.) The Appeals Council denied Shorter's appeal of the ALJ's fourth unfavorable decision, rendering the ALJ's fourth decision the final decision of the Commissioner for purposes of judicial review. (Tr. 1-7.)

The ALJ found, in her final decision, that Shorter did not meet the insured status requirements of the Social Security Act. *Id.* at 23. The ALJ also found that Shorter possesses the severe impairments of major depressive order and dysthymic disorder and that these impairments significantly affect his ability to perform basic work activities. *Id.* at 24. The ALJ ultimately concluded that Shorter's residual capacity did not preclude him from performing past work as a warehouse worker. *Id.* at 42.

The Court referred the case to United States Magistrate Judge John Johnston for findings and recommendations. Judge Johnston entered his Findings and

Recommendations on March 15, 2017. (Doc. 16.) Judge Johnston concluded that the Commissioner's decision should be affirmed because it was supported by substantial evidence and was free of legal error. *Id.* at 30. Shorter filed an objection to the Findings and Recommendations on March 28, 2017. (Doc. 17.)

## STANDARD OF REVIEW

The Court reviews de novo findings and recommendations to which parties make objections. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

Shorter argued that the Commissioner's decision should be reversed because the ALJ erred: (1) by failing to reasonably assess Shorter's severe impairments by neglecting to consider the impact of his obesity on his depressive disorder, (2) by failing to properly determine his residual functional capacity by discounting Shorter's subjective complaints and failing to give proper weight to the opinions of treating mental health providers and other sources, (3) by failing to support the finding that Shorter's residual capacity did not preclude him from performing past work as a warehouse worker, (4) by denying Shorter's request for a prehearing conference, and (5) by violating the local rules in neglecting to include a statement of facts in the Commissioner's reply brief. (Doc. 9 at 1.)

### A. Severe Impairments

The ALJ determined that Shorter possesses the severe impairments of major depressive disorder and dysthymic disorder. (Tr. 24.) Shorter argues that the ALJ improperly omitted obesity as a severe impairment. (Doc. 9 at 1.) The ALJ acknowledged that the record indicated that Shorter proved obese. (Tr. 25.) The ALJ also found, however, that Shorter's medical records reflect a body mass index score in the low 30s, which represents a limited level of obesity. *Id.* The ALJ reasonably found no evidence that Shorter's obesity restricted his ability to perform basic work activities. *Id.* The Ninth Circuit held in *Burch v. Barnhart*, 400 F.3d 676, 684 (9th Cir. 2005), that an error in neglecting to find obesity as a severe impairment proves harmless if "there is no evidence in the record of any functional limitations" caused by a claimant's obesity. There likewise exists no such evidence in Shorter's record.

Judge Johnston agreed with the Commissioner on this issue in light of the ALJ's noted lack of evidence regarding the effects of Shorter's obesity. (Doc. 16 at 12-13.) The Court agrees. Substantial evidence supports the ALJ's conclusion that Shorter's obesity did not represent a severe impairment.

### B. Residual Functional Capacity

Shorter argues that the ALJ failed to properly determine his residual functional capacity by discounting his subjective complaints and failing to give

proper weight to the opinions of treating mental health providers and other sources. (Doc. 16 at 14.)

1. Subjective Complaints

Shorter testified that he has auditory hallucinations, suicidal thoughts, trouble concentrating, focusing, understanding, following instructions, completing tasks, socializing, getting along with others, and self-isolation. (Tr. 29.) He claimed that these issues prevent him from lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, talking, hearing, and climbing stairs. *Id.* The ALJ found that Shorter's daily activities and medical records conflicted with Shorter's complaints. *Id.*

An ALJ may reasonably discount a claimant's subjective complaints when her or his daily activities do not corroborate the complaints. *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014). The ALJ found that Shorter routinely attends to his personal care, drives, shops, attends church, reads the Bible and the newspaper, completes crossword puzzles, and watches television for hours at a time. (Tr. 29.) The ALJ's finding that these activities contradict Shorter's subjective complaints proves reasonable. The ALJ further had no duty to question or allow Shorter to correct these inconsistencies at the hearing. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

The ALJ also found that the medical record contradicts Shorter's subjective complaints. (Tr. 29.) Shorter's complaints conflicted with the findings of Drs. Monty Kuka, Michael Enright, and Anthony Golas. *Id.* at 35-36, 983-90. Mental status and memory tests further demonstrated that Shorter suffers from mild dysfunction at the worst. (Doc. 16 at 17.) Substantial evidence supports the ALJ's findings on these issues, and the findings do not result from legal error.

### 2. Opinions of Medical Sources

Shorter argues that the ALJ improperly discounted the opinions of treating physicians Drs. Anthony Golas, Michael Malayil, Erin Ulano, and Evan LaRocque and Nurse Practitioner Susan Lockwood and instead gave greater weight to non-treating physicians Drs. Monty Kuka, Jim Capage, Thomas Lauderman, Joseph Shaver, Michael Enright, and A. Rafael Gomez. (Doc. 9 at 21.)

The Social Security Act typically counsels the ALJ and the Court to give the greatest weight to the opinions of treating physicians. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). The ALJ may give less weight to a treating physician's opinion, however, when it conflicts with a non-treating physician's opinion. *Id.* The ALJ properly credited the testimony of non-treating physicians Kuka and Enright on the basis that they testified at the hearing and participated in cross-examination. *Andrews v. Shalala*, 53 F.3d 1035, 1042 (9th Cir. 1995). The ALJ also properly credited the opinions of Drs. Capage and Shaver on the grounds

6

that their testimony had basis in the record. *Tonapetyan*, 242 F.3d at 1149. The ALJ adequately and specifically explained her reasoning for assigning weight to the opinions of these physicians. (Tr. 33-36.)

Shorter argues that the ALJ needed to provide clear and convincing reasons for discounting the treating physicians' opinions, but this assertion is incorrect. (Doc. 9 at 23.) The regulations require only that the ALJ require specific and legitimate reasons for discounting these opinions. 20 C.F.R. § 404.1527(c)(2). The ALJ gave significant weight to the opinion of Dr. Golas, who is one of Shorter's treating physicians. The ALJ gave little weight to treating physician Dr. Malayil on the basis that the record undermined and conflicted with Dr. Malayil's opinion. Dr. Malayil opined that Shorter suffered from fairly severe mental dysfunction, but mental status tests in the record demonstrated that he suffered from only mild dysfunction. (Tr. 1055-56, 29-32, 929-30, 927, 978, 993, 1003-06, 1048, 1077, 1107-08, 1110-11, 1144, 1147-48, 1151-52, 1198-99, 1207-08.) Dr. Malayil's opinion also proved inconsistent with his most recent treatment notes. (Tr. 37.)

The weight that the ALJ assigned to Dr. Malayil's opinion proves proper in light of its inconsistencies with the record and the specific and legitimate reasons that the ALJ provided for affording Dr. Malayil's opinion little weight.

The ALJ also gave little weight to the opinion of Dr. LaRoque. Dr. LaRoque had supervised various nurse practitioners in her role as the Medical Director for

the Center of Mental Health, including Nurse Practitioner Susan Lockwood who treated Shorter. (Doc. 9 at 26.) Shorter argues that Dr. LaRoque reviewed and adopted the opinion of Nurse Practitioner Lockwood, making Nurse Practitioner Lockwood's opinion worthy of significant weight. The Court disagrees.

The ALJ first noted that the record fails to show that Dr. LaRoque actually reviewed the opinion of Nurse Practitioner Lockwood. (Tr. 38.) The ALJ also properly discounted LaRoque's opinion in light of its inconsistencies with Nurse Practitioner Lockwood's most recent exam records. *Id.* at 39. The ALJ provided sufficient reasoning to support the weight she afforded to Dr. LaRoque's opinion.

Shorter asserts that that the ALJ wrongfully gave little weight to Dr. Ulano's opinion. (Doc. 9 at 32.) The ALJ reasoned that little weight is due to the opinion because the GAF scores provided by Dr. Ulano were based solely on Shorter's statements explaining his symptoms. (Tr. 37.) The ALJ discounted these statements in light of their inconsistency with the record. The ALJ properly gave little weight to Dr. Ulano's opinion for this reason and on the grounds that the GAF scores prove too vague to provide much explanatory value. *Id.* at 36-41.

### 3. Opinions of Other Medical Sources

Shorter claims that the ALJ improperly discounted the opinion of Nurse Practitioner Lockwood. (Doc. 9 at 29.) The Court disagrees. The ALJ gave little weight to Nurse Practitioner Lockwood's May 2013 opinion and no weight to her

8

December 2012, March 2014, and October 2014 opinions on the basis that she did not represent "an acceptable medical source under the Social Security regulations and her opinions were inconsistent with her findings." (Tr. 38-41.)

The Social Security Act requires only that the ALJ give germane reasons for discounting an "other" medical source like Nurse Practitioner Lockwood. 20 C.F.R. § 404.1513(d)(1). The Social Security Act contemplates that a nurse practitioner represents an "other" medical source, even when a physician supervises her or his work. *Molina v. Asture*, 674 F.3d 1104, 1111 (2012). The ALJ gave various germane reasons to discount the testimony of Nurse Practitioner Lockwood. (Tr. 40-41, 38.) Judge Johnston thoroughly outlined and affirmed these reasons in his Findings and Recommendations. (Doc. 16 at 27-28.)

Shorter further contends that the ALJ improperly discounted the opinion of Physician's Assistant Patrick Armstrong. (Doc. 9 at 29.) The ALJ reasoned that Armstrong did not represent an acceptable medical source. (Tr. 39.) The ALJ found that Armstrong's opinion conflicted with the opinions of acceptable medical sources in the matter, Drs. Kuka, Enright, Capage, and Shaver. *Id.* Armstrong's opinion also neglected to comment on Shorter's reported depression. These reasons represent germane explanations for the weight assigned to Armstrong.

### C.  Performing Past Work

Shorter argues that the ALJ asked an inappropriate question of the vocational expert while trying to determine Shorter's work capacity in light of his impairments. (Doc. 9 at 34.) Shorter claims that the question the ALJ asked failed to reflect Shorter's limitations. *Id.* Judge Johnston determined that the ALJ's questions incorporated all of Shorter's limitations that the ALJ found credible. (Doc. 16 at 30;) *compare* (Tr. 28-33 *with* Tr. 228-231.) The Court agrees.

### D.  Prehearing Conference

Shorter asserts that the ALJ improperly denied his request for a prehearing conference. (Doc. 9 at 20.) A prehearing conference is permissive, however, under the Social Security Act. 20 C.F.R. § 404.961. The ALJ accordingly possesses discretion to grant or deny a request for a prehearing conference. *Richardson v. Perales*, 402 U.S. 389, 400 (1971). The ALJ's denial proves proper.

### E.  Statement of Facts

Shorter argues that the Commissioner violated Local Rule 78.2(c)(2) by failing to include a statement of facts in her Response Brief. (Doc. 15 at 2.) Local Rule 78.2(c)(2) states that "principal briefs must contain a concise statement of the case setting out the facts relevant to the issues submitted for review." Judge Johnston concluded that the Commissioner's Response Brief set out enough factual background to aid the Court in resolving the issues presented. The Court agrees.

## Conclusion and Order

Judge Johnston recommends that the Court grant the Commissioner's Motion for Summary Judgment and enter judgment in favor of the Commissioner. The Court concurs in this conclusion in light of the reasoning contained in this Order.

Accordingly, IT IS ORDERED:

1. Magistrate Judge Johnston's Findings and Recommendations (Doc. 16), is ADOPTED IN FULL.

2. Defendant's Motion for Summary Judgment (Doc. 14), is GRANTED.

3. The case is DISMISSED with prejudice.

4. The Clerk is directed to enter judgment in favor of the Defendant.

DATED this 25th day of July, 2017.

/s/ Brian Morris
Brian Morris
United States District Court Judge